BARRON et al. v. BOARD OF SUP'RS OF YALOBUSHA COUNTY.

(Division A. Jan. 23, 1939.)

[185 So. 806. No. 33493.]

Creekmore, Creekmore & Capers, for appellants.

R. F. Kimmons, of Water Valley, for appellee.

**Griffith, J.**, delivered the opinion of the Court.

The board of supervisors of Yalobusha County on July 16, 1937, a day of its regular session in that month, ordered that the question of the prohibition of the sale of beer and light wines in the county be submitted to an elec-

tion to be held on August 24, 1937. The board ordered the clerk to give thirty days' notice of the election, and the order contained also the following: "The Election Commissioners of said county are hereby directed to hold and conduct said election in all respects as required by law, after giving thirty (30) days notice in some newspaper published in said county."

The clerk did not give the notice, but the election commissioners did so by publishing the following notice in the North Mississippi Herald, a public newspaper of the county, on July 22, July 29, August 5, August 12, and August 19, 1937:

"To the Qualified Electors of Yalobusha County, Mississippi.

"By order of the Board of Supervisors of said county, entered on the 16th day of July, 1937, as will appear by reference to the Minutes of said Board of that date, notice is hereby given that on the 24th day of August, 1937, an election will be held in said county for the purpose of determining whether or not the transportation, storage, sale, distribution, receipt or manufacture of beer and wine as provided in Chapter 171 of House Bill 26 of the Acts of the Legislature of 1934, shall be excluded from Yalobusha County, Mississippi. All qualified electors of said county should take notice of this election and cast their ballots for or against said proposition as they may desire.

"This July 16, 1937.

"Robt. Speir
"W. A. Nolen
"Afton Smith
"Election Commissioners"

The only point raised is the contention that, under Section 310, Code 1930, the notice must be given by the board of supervisors and not by the election commissioners. When, as here, the board directs the election commissioners to give the notice, and the notice by the commissioners specifically refers to the order of the board as the authority by which it is given, this is entirely sufficient. It was

not necessary that two notices be given, or that the notice appear in more than one public newspaper of the county.

Affirmed.